## Isaac Means *et al. versus* Charles Hapgood *et al.* and Trustee.

Where a citizen of Maine executed an assignment, in that State, to certain of his creditors, of a debt due to him from a citizen of this Commonwealth, and the creditors, having claims to an amount exceeding such debt, became parties to the assignment, it was *held*, that the assignment was valid against a subsequent attachment of the debt in this Commonwealth, by a citizen of this Commonwealth, notwithstanding the courts of Maine had decided, that a similar assignment made in this Commonwealth was invalid against a subsequent attachment of the assigned property, in Maine, by a citizen of that State.

By the answer of the trustee it appears, that he had received, for the use of the defendants, a sum of money, and that after deducting his own demands, there remained a balance due from him ; but that, before the service of this writ, the defendants, who lived in the State of Maine, made an assignment of such balance to trustees, for the use of certain creditors in Maine and the British Provinces, and of one creditor in Massachusetts ; that these creditors, having demands against the assignors to an amount exceeding the sum assigned, had become parties to the assignment ; and that the respondent had had notice of such assignment.

The plaintiffs and the respondent were citizens of this State.

Means
v.
Hapgood
and Tr.

The case was argued in writing.

C. G. *Loring* and F. C. *Loring*, for the plaintiffs. The laws of a State operate in other jurisdictions only *ex comitate*, so far as they affect property situated therein ; and that comity does not require the courts of this State to extend more protection to assignees claiming under an assignment made in Maine by a citizen of that State, of property situated here, than would be extended by the courts of that State to our own citizens under similar circumstances. Story on Conflict of Laws, 349, 350. The principles established by the courts of Maine are, therefore, very material in the consideration of the present case. In *Fox* v. *Adams*, 5 Greenleaf, 245, it was decided, that a general assignment by an insolvent debtor in this Commonwealth, should not operate to avoid a subsequent attachment by a citizen of Maine of property subject to the jurisdiction of that State. The principle established in that case, if carried out to its true extent, will necessarily lead to the conclusion, that this assignment cannot be sustained against an attaching creditor here.

*Choate* and *Crowninshield*, for the assignees, cited Story on Conflict of Laws, 312, 315, 317, 330, 332, 346 *et seq.*; Angell on Assignments, 57 ; *Milne* v. *Moreton*, 6 Binney, 361 ; *Hunter* v. *Potts*, 4 T. R. 192 ; *Lewis* v. *Wallis*, T. Jones, 223 ; *Sill* v. *Worswick*, 1 H. Bl. 691 ; *West* v. *Tupper*, 1 Bailey, 193 ; *Robinson* v. *Rapelye*, 2 Stewart, 86 ; *Greene* v. *Mowry*, 2 Bailey, 163 ; *Holmes* v. *Remsen*, 4 Johns. Ch. R. 460.

*March* 13*th.* SHAW C. J. On the disclosure of the trustee, the Court are all of opinion, that the assignees have the better title to the fund and that the trustee ought to be discharged.

This assignment would be valid and effectual if made in this Commonwealth, to pass the property to the assignee, and enable him to hold it against an attaching creditor of the assignor. This is founded upon the general principle, that an owner has the disposing power over property, which is recognized by all civilized, and especially by all commercial nations, to transfer his property, for a good and valuable consideration ; and the general disposition of all friendly governments is to give effect to such contracts when not opposed by some great considera-

tions of public policy, or manifestly injurious to their own citizens. *A fortiori* is this true of the several States of the American Union, who, though foreign to some purposes, are united for many others.

Means
v.
Hapgood
and Tr.

It is contended, that this is founded solely on comity, and this ought not to be extended to Maine, because it appears from a case in the books of reports of that State, that in a similar case they decided against the operation in that State of a similar assignment made in this, when opposed by an attaching creditor of that State.

We think it may be admitted as a general proposition, that such operation is given to acts done in other jurisdictions, as they give to like acts done in ours, upon consideration of comity ; but it is a general comity and reciprocity of rights and advantages. And we think it would be carrying this principle too far, to take a single case, decided several years ago, a case, the authority of which, in point of law, has been repeatedly doubted in this State, and consider it as conclusive evidence of the existing law of that State, and thus make it the basis of a decision, which would not be adopted, if the same act had been done in another State.

Courts of law are competent to take notice of general considerations of comity ; but it is not, we think, within their province, to attempt to enforce a precise system of retaliation, by adopting the same precise rules against their citizens, which their courts adopt against ours. We are rather to presume, if they have made a judicial decision, in a particular case, which is not in our judgment conformable to the rules of law, which are usually admitted among civilized nations *ex comitate*, that it has been owing to mistake or accident, and is not to be taken as evidence of a general course of judicial action which we are bound immediately to follow.

In the present case, there is one circumstance not much commented on, which would take this case out of the rule contended for, which is, that one of the cestui que trusts and creditors under the assignment was a citizen of Massachusetts, so that the rule of retaliation, if in other respects applicable, could not be enforced, without injustice and without defeating a purpose, which the rule itself is designed to accomplish.

*Trustee discharged.*